No. 64766.—C. J. Tower & Sons of Niagara, Inc. *v.* United States, protest 60/16394 (Niagara Falls).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of prepared or preserved pork similar in all material respects to that the subject of *C. J. Tower & Sons* v. *United States* (43 Cust. Ct. 36, C.D. 2100), the claim of the plaintiff was sustained.

No. 64767.—C. J. Tower & Sons of Buffalo, Inc. *v.* United States, protests 60/16395 and 60/16396 (Buffalo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of prepared or preserved pork similar in all material respects to that the subject of *C. J. Tower & Sons* v. *United States* (43 Cust. Ct. 36, C.D. 2100), the claim of the plaintiff was sustained.

OCTOBER 20, 1960

No. 64768.—SUIT 5008.—B. A. McKenzie & Co., Inc., et al. *v.* United States.——A.R.D. 103 affirmed July 20, 1960. C.A.D. 748.

BEFORE THE FIRST DIVISION, OCTOBER 25, 1960

No. 64769.—Laco Trading Co. *v.* United States, protest 58/7990 (Los Angeles).

OLIVER, Chief Judge: This protest relates to certain merchandise, described on the invoice as " 'OPLEN' Viewers model II" and assessed with duty at the rate of 45 per centum ad valorem under paragraph 228(b) of the Tariff Act of 1930, as optical instruments, not specially provided for. Plaintiff claims that the merchandise is properly classifiable under the provision for microscopes, not specially provided for, valued under $25 each, in paragraph 228(b) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, carrying a dutiable rate of only 25 per centum ad valorem. Although the protest also contains a claim for classification of the merchandise under paragraph 353, as modified, as articles having as an essential feature on electrical element or device, plaintiff, in its brief, states that this claim "is not relied on herein." Therefore, no further reference will be made thereto.

That microscopes are optical instruments, is well settled. *United States* v. *Bliss & Co. et al.*, 6 Ct. Cust. Appls. 433, T.D. 35980. Thus, the sole issue herein is whether the article in question is a microscope. If so, it is properly classifiable under the *eo nomine* provision for such merchandise, as claimed by plaintiff; otherwise, the collector's classification must be sustained.

There is no dispute concerning the facts. The evidence adduced by both parties will support the following summation.